300 So.2d 16 (1973)
THE FLORIDA BAR, Complainant,
v.
David M. PINCUS, Respondent.
Nos. 43745, 44001.
Supreme Court of Florida.
November 28, 1973.
On Rehearing June 26, 1974.
Rehearing Denied September 5, 1974.
Norman A. Faulkner, Staff Counsel, Wilson J. Foster, Jr., Asst. Staff Counsel, The Florida Bar, Tallahassee, Guy B. Bailey, Jr., and Stanley J. Bartel, Miami, for complainant.
David M. Pincus, in pro per.
PER CURIAM.
This cause is before us on petition by the Florida Bar, seeking review and modification of the recommendations of discipline for the Respondent made by two referees in two different disciplinary cases which have been consolidated for the purpose of simultaneous review by this Court.
In Case No. 43,745 the Referee found the Respondent guilty as charged in the Complaint, and specifically guilty of violating Canons 6 and 7 of the old Canons of Professional Ethics, 32 F.S.A. and Rules 1 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A. He then recommended that the Respondent be disbarred.
After appropriate review, the Board of Governors of The Florida Bar at its May, 1973, meeting approved the Referee's findings of guilt in Case No. 43,745, but directed that the Bar petition the Court to reduce the discipline to one year's suspension plus proof of rehabilitation prior to any reinstatement.
During the week of the Board of Governors meeting, the referee report in a separate and distinct matter, Case No. 44,001, was filed with The Florida Bar. The Referee, in that case, found the Respondent guilty of violating Rule 11.02(3)(a) of Article XI of the Integration Rule, 32 F.S.A. and Disciplinary Rules 6-101 and 6-102 of the Code of Professional Responsibility, 32 F.S.A. The Referee recommended that the Respondent be suspended from the practice of law for three months.
We have consolidated both cases for the purpose of this review.
The Florida Bar, after review of both cases, by vote of its Board of Governors, has petitioned this Court to sustain the findings of guilt by both referees, assess the costs in both cases against the Respondent, and suspend the Respondent for 15 months with the requirement that he prove his rehabilitation before any future reinstatement.

*17 CASE NO. 43,745
The Respondent, on or about May 7, 1971, agreed to defend Johanna Kohler, who had been served with a summons and Complaint for Divorce in Dade County Circuit Court, Case No. 71-8345, on May 3, 1971. The Respondent received a cost deposit of $50.00, and undertook the responsibility for filing an answer on Johanna Kohler's behalf on or before May 23, 1971. The Respondent failed to meet his court deadline, and allowed Johanna Kohler to suffer a default and default judgment. The Respondent took the $50.00 cost deposit and converted it to his own use. The Respondent, on repeated occasions, misrepresented to Johanna Kohler that he was adequately representing her when, in fact, he was performing no services for her at all.

CASE NO. 44,001
The Respondent accepted employment to represent a client, Esther L. Cianciola, in the prosecution of her personal injury claim arising out of an automobile collision on October 29, 1964. The Respondent had not previously handled such an injury claim, and intended to refer the claim to other counsel. The Respondent failed, or was unable to, associate a lawyer competent in such matters, and allowed the statute of limitations to run on his client's claim.
After the claim was barred by the statute of limitations, the Respondent conveyed the impression that settlement of the claim was being accomplished with the insurance carrier. He then negotiated a settlement with his client in the aggregate sum of $3,844.00. The Respondent received no compensation, since he simply paid from his own funds the amount that his client was willing to accept in full settlement of her personal injury claim.
Pursuant to the settlement, the Respondent issued his personal check for $300.00 to his client. The check was returned for nonsufficient funds, but was later made good by the Respondent.

DISCUSSION
The charges of professional misconduct of which the Respondent has been found guilty are serious ones. In both cases, the Respondent failed to fulfill the responsibilities he had accepted when he undertook the representation of his clients. No principle is more fundamental to our legal system than the assumption that lawyers will competently and zealously protect the legal rights of clients who have entrusted legal matters to their care.
An examination of the records shows that the Respondent not only failed to prosecute the causes of his clients with even a minimal amount of effort but, in both cases, misrepresented the extent of his efforts and misled his clients in that regard. Clearly a serious type of discipline is warranted for the Respondent's misconduct.
However, the disbarment recommended by one Referee is too harsh. Such a punishment focuses upon retribution and does not consider the possibility of rehabilitation. The purpose of disciplinary proceedings is primarily to protect the public from incompetent and unethical practitioners and, only secondarily, to punish the offender and act as a deterrent to others.
In its Petition for Review, the Florida Bar urges:
"Complainant-Appellant, THE FLORIDA BAR, by vote of its Board of Governors, petitions this Court to sustain the findings of guilt by both referees, assess the cost in both cases against the Respondent, and suspend the Respondent for fifteen months with the requirement that he prove his rehabilitation before any future reinstatement.
"The modifications petitioned for herein will protect the public and, at the same *18 time, be sufficient discipline to impress upon the Respondent his responsibilities as an attorney."
We agree.
Suspension of the Respondent, with the requirement that he prove his rehabilitation before any future reinstatement, is a sanction which can impress upon him his responsibilities and still provide protection for the public. Such a course will serve the purpose of allowing the Respondent the opportunity to reflect upon the error of his ways. At an appropriate time in the future he can apply for reinstatement and perhaps show his sincerity and desire to conduct his future affairs in the highest tradition of our profession.
The public can easily be protected from the Respondent by suspending him for a period of fifteen months and requiring that he make an appropriate showing of rehabilitation before any future reinstatement to the practice of law. Such a course is consistent with the public interest, the Respondent's interest and the administration of justice.
Accordingly, it is the decision of this Court to sustain the findings of guilt by both referees, assess the costs in both cases against the Respondent, and suspend the Respondent for fifteen months, with the requirement that he prove his rehabilitation before any future reinstatement.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD, McCAIN and DEKLE, JJ., concur.

UPON REHEARING GRANTED
Mitigation factors have come to the attention of the Court for the first time upon petition for rehearing which has been granted herein. These have been carefully considered together with the entire record which supports these additional factors and justifies modification of our earlier decision insofar as the discipline to be assessed is concerned.
It now appears that respondent voluntarily informed his client of the running of the statute in the one instance and tendered and paid full settlement to the client for the loss. The reference in our original opinion to the initial partial payment by personal check for $300.00 to the client, as being returned for insufficient funds and later made good by respondent, does not include the fact that, even before the client had received notification of return of the check, it was replaced by respondent with a cashier's check and that the entire amount was paid within one week of the agreement between them.
In the other matter, the respondent was in the process of curing the default which had occurred but was replaced of record before a hearing thereon and in fact the client suffered no loss as a result.
We accordingly, upon rehearing, modify and recede from our former opinion herein to the extent of deleting that portion of the opinion following the heading "DISCUSSION" and substituting instead the following:
"DISCUSSION
"The charges of professional misconduct of which the respondent has been found guilty are serious ones. In both cases, the respondent failed to fulfill the responsibilities he accepted when he undertook the representation of his clients. No principle is more fundamental to our legal system than the assumption that lawyers will competently and zealously protect the legal rights of clients who have entrusted legal matters to their care.
"Clearly a proper form of discipline is indicated in the circumstances; however, the disbarment recommended by one referee is too harsh. Such a punishment focuses upon retribution rather than the goal of effective discipline which is primarily to protect the public from incompetent and unethical practitioners and *19 only secondarily to punish the offender and to act as a deterrent to others. Here the public is easily protected and these goals are accomplished by suspension of respondent. Such a course is consistent with the public interest, the respondent's interest and the administration of justice.
"Accordingly, it is the decision of this Court to sustain the findings of guilt by both referees, assess the costs in both cases against the respondent, and suspend the respondent for a period of 6 months, at the conclusion of which and upon all costs having been paid, respondent may thereupon resume the practice of law.
"The suspension shall be from September 15, 1974, and terminate automatically on March 15, 1975.
"It is so ordered."
It is so ordered.
On consideration of the Petition for Rehearing and Clarification, Petition for Rehearing and/or Modification, and Response to Petition for Rehearing and/or Modification,
It is ordered that said petitions are denied, and it is further
Ordered that the suspension shall be from November 1, 1974 and terminate automatically on May 1, 1975, thereby giving respondent forty-five days to close out his practice and take the necessary steps to protect his clients, and it is further
Ordered that respondent shall not accept any new business.
ADKINS, C.J., ROBERTS, McCAIN and DEKLE, JJ., and SPECTOR, District Judge, concur.